IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE COOPER,<br><br>   Petitioner,<br><br>v.<br><br>WARDEN C. CARTER,<br><br>   Respondent. | Civil Action No.:  JRR-23-1072 |

**MEMORANDUM OPINION**

In response to this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent filed a Motion to Dismiss for lack of jurisdiction. ECF No. 19. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Habeas petitioner not entitled to a hearing). Because this Court lacks subject matter jurisdiction over the first two claims asserted, the petition as to those two claims shall be dismissed without prejudice. Further briefing will be required on the third claim raised in the Petition.

**I.   Background**

Petitioner Andre Cooper is an inmate committed to the custody of the Federal Bureau of Prisons and currently confined at Federal Correctional Institution-Cumberland in Cumberland, Maryland. Mr. Cooper, and five co-defendants were involved in a drug trafficking organization known as the Boyle Street Boys ("BSB") operating out of Chester, Pennsylvania. The gang's activities were described by the United States District Court for the Eastern District of Pennsylvania as follows:

> Jamain Williams was the leader of the group, and Cooper—together with his co-defendants Vincent Williams, Brian Rogers, Mark Rogers, and Shane Taylor—comprised the remaining members. The BSB recruited younger males from a nearby housing development to sell cocaine on Boyle Street, and the

> organization distributed thousands of dollars of cocaine each week. To defend their territory, BSB engaged in acts of violence towards potential competitors including murders, robberies, beatings, and firing guns at other individuals. Cooper was extensively involved in the drug trade and participated in three murders.

ECF No. 11 at 1, ¶¶ 1-2.

Mr. Cooper is serving three consecutive life sentences without the possibility of release, one concurrent life sentence, and nine concurrent 10-year sentences. ECF No. 1-1 at 2. Following a jury trial in 2003, he was convicted in the United States District Court for the Eastern District of Pennsylvania on a forty-four count indictment that included racketeering, conspiracy to distribute and distribution of cocaine, conspiracy to distribute and distribution of cocaine within a school zone, conspiracy to murder, conspiracy to murder a federal witness, murder, aiding and abetting, and use and possession of a firearm during a crime of violence and in furtherance of drug trafficking crimes. *Id*. Mr. Cooper states that the judgment and sentence were affirmed by the United States Court of Appeals for the Third Circuit in August of 2009, and admits that he has "filed numerous motions to vacate his sentence, re-open his case, and for habeas corpus relief, all of which have been denied and those decisions denying relief have been affirmed on appeal." *Id*.

Mr. Cooper raises three claims for relief in his petition. First, he asserts that he is statutorily and actually innocent of violating 18 U.S.C. § 1962(c) because there has been an intervening Supreme Court and Court of Appeals decision rendering his conduct non-criminal. ECF No. 1-1 at 2-7. Second, Mr. Cooper states that his conviction for 18 U.S.C. § 924(c) and consecutive sentences violate the double jeopardy clause in light of "intervening changes of law involving the definition of a 'Unit of Prosecution.'" *Id*. at 8-9. Lastly, he asserts that the sentences imposed for counts 8 and 11 of the indictment are being executed in an unlawful manner because the BOP is treating those sentences as if they are life sentences. *Id*. at 10-11.

Respondent asserts that this Court lacks subject matter jurisdiction over Mr. Cooper's claims in light of the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), and that his claims otherwise lack merit. ECF No. 19. With respect to Mr. Cooper's third claim regarding his sentence calculation by the BOP, Respondent simply asserts that the claim has been considered and rejected by the Third Circuit Court of Appeals and should be rejected by this Court for the same reasons. *Id*.

## II.   Standard of Review

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "saving clause" in § 2255(e). It provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e). The Supreme Court clarified what qualifies as a claim that meets the requirements of the saving clause in *Jones v. Hendrix*, 599 U.S. 465 (2023). Specifically, the Court rejected the notion that the saving clause allows for resort to § 2241 petition as a vehicle to challenge the validity of a conviction in lieu of a § 2255 Motion to Vacate where the "second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *Hendrix*, 599 U.S. at 477. The Court reasoned that "the saving clause preserves recourse to § 2241 in cases where

unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id*. at 478.

Further, the Court noted that second or successive Motions to Vacate are limited by § 2255(h) to two conditions: (1) newly discovered evidence that if proven would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable. Because § 2255(h) excludes non-constitutional claims, the Court reasoned that permitting such claims to be raised by § 2241 petitions after the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "would have merely rerouted them from one remedial vehicle and venue to another." *Id*. at 479. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

### III. Analysis

Mr. Cooper's first and second claims fall squarely within the ambit of the *Hendrix* decision. In his first claim he asserts that after his conviction and his initial 2255 Motion to Vacate, the Third Circuit Court of Appeals issued a decision recognizing the Supreme Court's holding in *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993), "that the 'conduct or participate' element requires a defendant to 'have some part in directing these affairs.'" ECF No. 1-1 at 3, citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 371 (3rd Cir. 2010). He states that the "erroneous definition of 'conduct' and failure to follow *Reves* occurred in [his] trial." *Id*. This was due, according to Mr. Cooper, to the Third Circuit following its precedent in *United States v. Provenzano*, 688 F.2d 194, 200 (3rd Cir. 1982), which "adopted the Second Circuit's test for

determining when a defendant 'conducts the activities of an enterprise through a pattern of racketeering.'" *Id*. Mr. Cooper maintains that because the trial court instructed the jury that the government did not need to prove that he exercised significant control over or within the enterprise, or that he had primary responsibility for the enterprise's affairs, the jury did not receive the proper statutory defining of "several key RICO terms." ECF No. 1-1 at 4. Specifically, Mr. Cooper's jury was not instructed on the correct definition for the terms "conduct" and "operation or management." *Id*. at 5. Because the Third Circuit's decision enforcing the Supreme Court's decision in *Reves* was not a constitutional decision, Mr. Cooper reasons that he cannot satisfy the requirements of § 2255(h) for a second or successive motion.

In his second claim, Mr. Cooper maintains that he is entitled to pursue his double jeopardy claim through a 2241 petition because at the time he was sentenced the Third Circuit had never defined what "unit of prosecution" meant, which permitted Mr. Cooper to be sentenced more than once on "the same predicate offenses" for violation of 18 U.S.C. § 924(c).[1] ECF No. 1-1 at 9. He explains that he was convicted and sentenced on two firearm offenses under § 924(c)(1)(A), both of which were predicated on the federal drug trafficking conspiracy conviction from a different count in the indictment. *Id*. at 8. When the Third Circuit Court of Appeals decided *United States v. Diaz*, 592 F.3d 467, 471 (3rd Cir. 2010), unit of prosecution was defined as it relates to 18 U.S.C.

---

[1] The statute provides:
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

§ 924(c)(1)(A). *id*. Specifically, the Third Circuit held that the unit of prosecution for purposes of § 924(c)(1) is the underlying predicate crime and not the separate instances where a firearm was used. *Diaz*, 592 F.3d at 474-75 (noting that the statutory language is ambiguous and the rule of lenity requires interpretation favoring the defendant). Mr. Cooper concludes that because he was convicted and sentenced on two firearm offenses that were predicated on one federal drug trafficking conspiracy conviction, his firearm convictions violated Double Jeopardy. ECF No. 1-1 at 8. Mr. Cooper again argues that he should be permitted to pursue this claim via a 2241 petition because it is not a constitutional decision and is therefore not amendable to being raised in a second or successive 2255 Motion to Vacate. *Id*. at 9.

Mr. Cooper's third claim is that the BOP has erroneously recorded that he received a concurrent life sentence on counts 8 and 11 of the indictment. ECF No. 1-1 at 10. In support of this claim, Mr. Cooper attaches a copy of the Third Circuit Court of Appeals decision affirming dismissal of his Petition for Writ of Mandamus. ECF No. 1-3. The appellate court acknowledged that the sentencing transcript indicated the District Court sentenced Mr. Cooper as follows:

> [L]ife imprisonment with no possibility for parole on Counts 10, 15, and 22 (the murder counts), the sentences to run consecutively to each other, N.T., 7/27/06, at 24-25; a term of imprisonment of 10 years on Count 23, the sentence to run consecutively "to each of the life imprisonment sentences" on Counts 10, 15 and 22, id. at 25; a term of imprisonment of 10 years on Count 30, the sentence to run consecutively "to each of" Counts 10, 15, 22 and 23, id. at 26; a term of imprisonment of 10 years on Count 32, the sentence to run consecutively "to each of" Counts 10, 15, 22, 23 and 30, id.; and, as to "the remaining counts," a term of imprisonment of 10 years to "run concurrently with the life imprisonment sentence," id. at 25. *Those remaining counts would be 8, 9, 11, 14, 21, 25, 26, 29, 31, 42, and 43*.

*In re Cooper*, 751 Fed. Appx. 275, 276 (3rd Cir. 2018) (emphasis supplied). The appellate court also observed:

> We note that, although a written copy of the criminal Judgment has not been provided with Cooper's petition, the purported contents of the Judgment were

6

> transcribed on the criminal docket by court staff, see Docket Entry No. 911. The transcribed contents state that Cooper's sentence on each of Counts 8 and 11 is a concurrent term of life imprisonment. This difference in the sentences might suggest either that there was a transcription error in recording the contents of the criminal Judgment, or that there is an actual conflict between the sentence imposed on the record in open court and the written Judgment, *see generally United States v. Faulks*, 201 F.3d 208, 211 (3d Cir. 2000) ("[W]hen the two sentences are in conflict, the oral pronouncement [in the defendant's presence] prevails over the written judgment."). Either way, the record does not support an assertion that Cooper was not sentenced at all on Counts 8 and 11.

*Id.* at 277. Respondent maintains that this claim was addressed and rejected by the Third Circuit, and that there is no basis to review them again in the context of this case. ECF No. 19 at 6-7. However, the claim raised by Mr. Cooper in the Third Circuit concerned whether or not the sentencing court actually imposed a sentence for counts 8 and 11. Here, Mr. Cooper is asserting that the BOP has incorrectly interpreted the sentence for counts 8 and 11 as a concurrent life term as opposed to ten-year concurrent terms. On the record before this Court it cannot be discerned whether the BOP's interpretation is the one orally pronounced in Mr. Cooper's presence.

A 2241 petition that challenges the execution of a sentence by the BOP is appropriate and this Court has jurisdiction over such an issue. Given the lack of information regarding the sentencing issue, Respondent will be directed to brief the issue and explain why the BOP has construed the sentence imposed in Counts 8 and 11 as a concurrent life sentence.

## IV. Conclusion

This Court does not have subject matter jurisdiction over Mr. Cooper's first and second claims as evidenced by the Supreme Court's holding in *Jones v. Hendrix*. Those two claims will therefore be dismissed without prejudice. *See Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction ... must be one without prejudice").

By separate Order which follows, Respondent will be directed to respond to Mr. Cooper's third claim regarding his sentence as construed by the BOP. Mr. Cooper will be granted an opportunity to reply.


_12.15.2023_____                                  _____/S/_____
Date                                                Julie R. Rubin
                                                    United States District Judge