IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE COOPER, <br><br> Petitioner, <br><br> v. <br><br> WARDEN C. CARTER, <br><br> Respondent. | Civil Action No.:  JRR-23-1072 |

**MEMORANDUM OPINION**

Pursuant to this Court's Memorandum Opinion and Order dismissing two of Petitioner Andre Cooper's claims raised in his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Respondent has addressed the third and final claim regarding one of Cooper's sentences. Respondent maintains that the third claim is without merit and should also be dismissed. ECF 25. Cooper has filed a Reply. ECF 27. No hearing is required to resolve the remaining claim asserted. *See* L. Rule 105.6 (D. Md. 2023). For the reasons stated, the claim will be dismissed.

**I.     Background**

Petitioner Andre Cooper is an inmate committed to the custody of the Federal Bureau of Prisons and currently confined at Federal Correctional Institution-Cumberland in Cumberland, Maryland. Mr. Cooper is serving three consecutive life sentences without the possibility of release, one concurrent life sentence, and nine concurrent 10-year sentences. ECF No. 1-1 at 2. Following a jury trial in 2003, he was convicted in the United States District Court for the Eastern District of Pennsylvania on a forty-four count indictment that included racketeering, conspiracy to distribute and distribution of cocaine, conspiracy to distribute and distribution of cocaine within a school zone, conspiracy to murder, conspiracy to murder a federal witness, murder, aiding and abetting,

and use and possession of a firearm during a crime of violence and in furtherance of drug trafficking crimes. *Id*. Mr. Cooper states that the judgment and sentence were affirmed by the United States Court of Appeals for the Third Circuit in August of 2009, and admits that he has "filed numerous motions to vacate his sentence, re-open his case, and for habeas corpus relief, all of which have been denied and those decisions denying relief have been affirmed on appeal." *Id*.

The sole issue left for consideration is whether the Bureau of Prisons ("BOP") has incorrectly construed the sentences imposed for counts 8 and 11 as concurrent life sentences. ECF 1-1 at 10-11. Cooper maintains that the sentences should be 10-year concurrent terms. Because the record before this Court was not sufficiently clear to determine what sentences were imposed by the Eastern District of Pennsylvania, further briefing was required.

Respondent states that the sentencing court entered its written judgment on July 27, 2006, which provides that Cooper is "hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **LIFE IMPRISONMENT** – WITHOUT THE POSSIBILITY OF RELEASE." ECF 25-2 at 3 (emphasis in original). Under the heading "ADDITIONAL IMPRISONMENT TERMS," the written judgment notes that Counts 8 and 11 are "Life – to run concurrently with count 10." *Id*. at 4. Count 10 is a sentence of Life without possibility of release. *Id*.

Respondent explains that the BOP's directive with regard to multiple terms of imprisonment is codified in 18 U.S.C. § 3584(c), which requires that, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Here, the aggregate of Cooper's multiple terms of imprisonment is life without the possibility of release. In compliance with § 3584, the BOP lists Cooper's term of imprisonment as life. ECF 25-3. Respondent therefore maintains that

the BOP has not committed an error in the execution of Cooper's sentence, and he is therefore not entitled to relief under 28 U.S.C. § 2241.  ECF 25 at 3, ¶ 7.  Cooper has three consecutive life sentences; whether he received a concurrent term of life or of 10 years for counts 8 and 11, his aggregate sentence will remain life without possibility of release.  *Id*.

Cooper argues that "regardless of how the BOP administratively aggregates the sentences of federal inmates, pursuant to 18 U.S.C. § 3584, when inaccurate information is being used to directly impact the duration of confinement, custody classification and security designation, and other rehabilitation programs being implemented under the First Step Act" the BOP must correct the inaccurate information.  ECF 27 at 2.

**II.     Discussion**

It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due.  18 U.S.C. § 3624, *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979).  Where the BOP errs in the execution of a federal sentence, a remedy is available through a habeas petition filed pursuant to § 2241.  A § 2241 petition attacks the manner in which a sentence is executed.  28 U.S.C. § 2241(a), *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (§ 2241 relief is available when prisoner "might wish to argue that he is being detained in a place or manner not authorized by the sentence . . . .").

Here, it cannot be said that the BOP is either misconstruing Cooper's term of imprisonment or detaining him in a manner not authorized by the sentence imposed.  Cooper is serving three consecutive life sentences without the possibility of release.  Those sentences subsume the

remaining concurrent sentences, rendering them without any actual effect on his term of confinement.  The BOP has properly construed his aggregate term of confinement and there is no relief this Court can award to Cooper.[1]  Accordingly, by separate Order which follows, the Petition shall be denied.

March 22, 2024

/S/
_____
Julie R. Rubin
United States District Judge

---

[1] To the extent that an error was made by the sentencing court, this Court does not have jurisdiction to correct such an error.